IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAYOLA PROPERTIES, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No.  1:24-cv-7250 |
| : | |
| JETSON ELECTRIC BIKES LLC., : | **JURY TRIAL DEMANDED** |
| : | |
| Defendant. : | |

## COMPLAINT

Plaintiff Crayola Properties, Inc. ("Plaintiff" or "Crayola"), by and through its undersigned counsel, brings this Complaint and Jury Demand against Defendant Jetson Electric Bikes LLC ("Defendant" or "Jetson"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for monetary damages and injunctive relief arising from the breach by Defendant of a January 1, 2023 Crayola License Agreement (the "License Agreement") between the Parties.

## THE PARTIES

2. Plaintiff Crayola Properties, Inc. ("Crayola"), a wholly owned subsidiary of Hallmark Cards, Incorporation, is a corporation organized and existing under the laws of the State of Delaware having a primary place of business at 1100 Church Lane, Easton, PA 18044.

3. Upon information and belief, Defendant Jetson Electric Bikes LLC is a limited liability company organized and existing under the laws of the State of New York, having a primary place of business of 86 34th St, Floor 4, Brooklyn, NY 11232.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1121 and 28 USC §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over those claims brought under the laws of the State of New York.

6. This Court also has personal jurisdiction over this matter, and venue is proper in this Court, because pursuant to the express terms of the License Agreement, including Section 23 of the License Agreement, Defendant has submitted itself to the personal jurisdiction of this Court.

7. The Court further has personal jurisdiction of Defendant because, on information and belief, they regularly transact business in New York.

8. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because, on information and belief, a substantial part of the events giving rise to the claims occurred in this district.

## BACKGROUND

9. Crayola is the owner of the CRAYOLA® trademark and trade dress, used worldwide by Crayola and its affiliates and licensees on crayons, markers, colored pencils and many other products and services. The CRAYOLA® trademark has been in use since 1903 and, along with Crayola's trade dress and other intellectual property, represents the substantial goodwill created by Crayola through its use and sale of high-quality products bearing the Crayola trademark.

10. Crayola owns a number of valid, subsisting, uncancelled and unrevoked registrations in the U.S. Patent and Trademark Office (USPTO) for the CRAYOLA® trademark, including but not limited to U.S. Trademark Registration No. 2483508 in connection with, *inter alia*, backpacks and tote bags ("the CRAYOLA® Mark").

11. Based on its federal trademark registrations and common law rights, Crayola owns the exclusive right to the CRAYOLA® trademark in commerce in connection with the goods and services covered by the CRAYOLA® Mark.

12. The CRAYOLA® Mark is incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

13. The CRAYOLA® Mark has been prominently and continuously used in Crayola's sales and marketing of virtually all product categories, since the debut of its iconic crayons, including on product packaging and hangtags, throughout the Crayola.com website and associated social media accounts, and in connection with the products themselves, including on various accessories.

14. Crayola's widespread and continuous use of the CRAYOLA® Mark for over a century has made the CRAYOLA® Mark synonymous with the brand and famous, in addition to conferring valuable common law rights upon Crayola.

15. Upon information and belief, Jetson develops, manufactures, and distributes personal mobility devices including electric bikes, electric scooters, and hoverboards.

16. Jetson's rights to sell products under the CRAYOLA® trademark, copyright, and trade dress are enumerated in the License Agreement, which Crayola and Jetson entered into on or about January 1, 2023.

17. Pursuant to the License Agreement, Crayola granted to Jetson "the non-exclusive right ... to manufacture or have manufactured for it and to promote, advertise, distribute, and sell the Licensed Products" in certain territories.

18. The Licensed Products are defined in the License Agreement as "3 Wheel Kick scooter" sold in connection with the following intellectual property as set forth in the Exhibit A-2 of the License Agreement:

The following trademarks, including registered and common law marks:

- Crayola® trademark and design:



- Serpentine design trademark:



- Chevron design trademark:



- Crayola® trade-dress
- Crayola® color names (subject to clearance by Licensee)

The following copyrighted materials, including trademarks contained therein:

- Crayola proprietary characters
- Images in Crayola style guide as approved in each case by Crayola
- Other artwork as provided by Crayola

19. As consideration for the License Agreement, Jetson was required to make certain Royalty payments to Crayola.

20. The License Agreement provides that Jetson owes Royalties due and payable to Crayola according to the Royalty Payment Dates.

21. The License Agreement provides that interest will be incurred on unpaid or late Royalties and any other payments due to Crayola.

22. The License Agreement provides that Jetson will pay Crayola's reasonable legal fees and costs associated with Crayola taking legal action to collect Royalties.

23. Jetson sold Licensed Products as provided for by the License Agreement.

24. Jetson failed to report Royalty Statements for Q4 2023 and Q1 2024 by the Royalty Payment Dates.

25. Jetson failed to submit the Royalty payments by the Royalty Payment Dates.

26. The License Agreement expired on December 31, 2023.

27. Without authorization, it is believed that Jetson has continued sales of Licensed Products beyond the expiration date of the License Agreement, including those still sold and offered for sale at https://ridejetson.com/products/crayola-customizable-kick-scooter?srsltid=AfmBOoojccRHksWcf_8Kd7wO4hTbRSNL87bU0X32NS0dWFXCgWDxQ-hF.

28. Despite good faith efforts by Crayola to resolve Jetson's material breaches of the License Agreement, Jetson did not respond to or otherwise attempt to cure.

29. On July 10, 2024, Crayola sent a final demand letter to Jetson (the "Demand Letter"). The Demand Letter identified Jetson's failure to pay Royalties or provide Royalty Statements as material breaches. The Demand Letter further required that Jetson immediately pay the owed balance of Royalties from Q3 2023, provide Royalty Statements for Q4 2023 and Q1 2024, and pay any Royalties owed during the Term and the Sell-Off Period.

30. Jetson did not contest, or otherwise respond to, the material breaches identified in the Demand Letter.

31. Jetson did not provide the Royalty Statements and did not pay the amounts specified in the Demand Letter.

32. Jetson has not only ignored its obligations under the License Agreement, but it has also improperly and without authorization, permission, right, or license continued the unlawful use of the CRAYOLA® trademark.

## COUNT I -BREACH OF CONTRACT

33.     Crayola restates and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

34.     The License Agreement is a valid and binding contract governed by the laws of the State of New York.

35.     Crayola has fully performed all of its obligations under the License Agreement in all material respects.

36.     The License Agreement obligated Jetson to pay Royalties to Crayola.

37.     The Royalties were due and payable by the Royalty Payment Dates in accordance with the License Agreement.

38.     Pursuant to the License Agreement, interest accrues on owed Royalties.

39.     Jetson materially breached the License Agreement by failing to submit Royalty Statements and failing to pay the Royalties by each Royalty Payment Date.

40.     As a result of Jetson's material breaches, Crayola has suffered and continues to suffer damages in the amount of the unpaid balance of Royalties under the License Agreement, plus interest, which damages continue to accrue.

41.     As a result of Jetson's material breaches, Crayola has suffered and continues to suffer damages in the amount of unpaid Royalties due under the License Agreement, plus interest, which damages continue to accrue.

42.     As a result of Jetson's material breaches, Crayola has incurred attorneys' fees and expenses in attempting to collect the unpaid Royalties, which fees and expenses continue to accrue.

## COUNT II - TRADEMARK INFRINGEMENT

## Lanham Act § 32, 15 U.S.C. § 1114

43. Crayola restates and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

44. The CRAYOLA® Mark is a valid and protectable trademark.

45. Crayola owns the CRAYOLA® Mark.

46. The CRAYOLA® Mark is distinctive and famous.

47. The License Agreement expired on December 31, 2023.

48. Jetson has no ownership interest in any Crayola trademarks and, following the expiration of the License Agreement, no license to sell any CRAYOLA® products.

49. Without authorization, Jetson has continued sales of Licensed Products beyond the expiration of the License Agreement, including those still sold and offered for sale at https://ridejetson.com/products/crayola-customizable-kick-scooter?srsltid=AfmBOoojccRHksWcf_8Kd7wO4hTbRSNL87bU0X32NS0dWFXCgWDxQ-hF.



50. Jetson's unauthorized use and promotion of the CRAYOLA® trademark has resulted in Jetson unfairly and unlawfully benefitting from Crayola's goodwill.

51. Jetson's unauthorized use and promotion of the CRAYOLA® trademark is causing confusion, and will likely continue to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the products Jetson is offering, thereby constituting trademark infringement in violation of 15. U.S.C. § 1114.

52. As a direct and proximate result of Jetson's wrongful conduct, Crayola has been, is now, and will be irreparably injured and damaged by Jetson's aforementioned acts, and unless Jetson is enjoined by the Court, Crayola will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Crayola has no adequate remedy at law.

53. The acts of Jetson described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

54. Pursuant to the License Agreement, Crayola is entitled to equitable relief and such other relief deemed just and proper as set forth below.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

55. Crayola restates and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

56. Crayola owns and enjoys valid, enforceable, and full subsisting common law trademark rights in the CRAYOLA® trademark in New York and throughout the United States.

57. Jetson, through the conduct and violations described above, has engaged in, engages in and proposes to engage in trademark infringement under New York common law. As a consequence of Jetson's violations, Crayola is entitled to relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Crayola respectfully requests that the Court grant it the following relief:

A. judgement in Crayola's favor and against Jetson that Jetson has breached the License Agreement;

B. compensatory damages in the amount of not less than the unpaid balance of Royalties from Q3 2023 and any Royalties owed under the License Agreement;

C. all of Crayola's expenses, costs, attorney's fees associated with collecting the unpaid balance of Royalties from Q3 2023 and any Royalties owed under the License Agreement, including those associated with bringing and prosecuting this action;

D. preliminary and permanent injunction of Jetson, and all persons in active concert or participation with it, from directly or indirectly using the CRAYOLA® Mark, or any other mark, word, or name incorporating or confusingly similar to the CRAYOLA® Mark;

E. preliminary and permanent injunction of Jetson from representing by any means whatsoever, that Jetson and its goods and services are associated in any way with Crayola or its CRAYOLA® Mark.

F. preliminary and permanent injunction of Jetson from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Jetson's products or services come from or are the products or services of Crayola, or are somehow sponsored by or associated with Crayola;

G. preliminary and permanent injunction of Jetson from otherwise unfairly competing with Crayola or misappropriating Crayola's reputation and goodwill;

H.　order Jetson to destroy all products, packaging, labels, wrappers, signs, prints, advertisements, electronic files and other articles bearing the CRAYOLA® Mark;

I.　pre- and post-judgment interest at the highest rate(s) allowed by law; and

J.　all such other and further relief, either at law or in equity, including an injunction against further use of the intellectual property described in the License Agreement, as may be deemed appropriate by the Court.

## JURY DEMAND

Crayola demands a jury trial on all issues so triable.

Date: October 16, 2024
New York, New York

Respectfully submitted,

*/s/ Christopher U. Warren*
Christopher U. Warren
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY 10019
Phone: (212) 440-4511
Fax: (212) 440-4401
Christopher.Warren@bicp.com

Christopher H. Blaszkowski (Bar No. 306650)
Shayne D. Rasay (Bar No. 329404)
**BUCHANAN INGERSOLL & ROONEY PC**
2200 Renaissance Blvd., Ste. 350
King of Prussia, PA 19406
Telephone: (610) 407-0700
Fax: (610) 407-0701
Christopher.Blaszkowski@bipc.com
Shayne.Rasay@bipc.com

***Attorneys for Plaintiff
Crayola Properties, Inc.***